## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | | |
|---|---|---|
| MARY RUFFINO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Case No.      1:11-cv-2695 |
| | ) | |
| PORTFOLIO RECOVERY | ) | |
| ASSOCIATES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

MARY RUFFINO ("Plaintiff"), through her attorneys, KROHN & MOSS, LTD., alleges the

following against PORTFOLIO RECOVERY ASSOCIATES, LLC. ("Defendant"):

## INTRODUCTION

1.      Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C.

1692 *et seq*. (FDCPA).

2.      Defendant acted through its agents, employees, officers, members, directors, heirs,

successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION AND VENUE

3.      Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that

such actions may be brought and heard before "any appropriate United States district court without

regard to the amount in controversy."

4.      Defendant conducts business in the state of Illinois, and therefore, personal

jurisdiction is established.

5.      Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

6.     Plaintiff is a natural person residing in Wonder Lake, McHenry County, Illinois, and is obligated or allegedly obligated to pay a "debt", as that term is defined by 15 U.S.C. 1692(a)(5), and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

7.     Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

8.     Plaintiff is informed and believes, and thereon alleges, that Defendant is a limited liability company in Norfolk, Virginia.

9.     Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

10.     Defendant constantly and continuously placed collection calls to Plaintiff seeking and demanding payment for an alleged debt.

11.     Defendant contacted Plaintiff from 847-994-2557, 847-994-2545, 847-994-2553, and 847-994-2550.

12.     Defendant communicated to a third party, Plaintiff's father, regarding the debt Plaintiff allegedly owes.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

13.     Defendant violated the FDCPA based on the following:

a.   Defendant violated §*1692c(b)* of the FDCPA by communicating with third parties, Plaintiffs' father, in connection with the collection of Plaintiffs' alleged debt.

2

b. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff; and

c. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

WHEREFORE, Plaintiff, MARY RUFFINO, respectfully requests judgment be entered against Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC, for the following:

14. Statutory damages of $1,000.00, pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*;

15. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*; and

16. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

By: _/s/ Adam T. Hill_____
Adam T. Hill
KROHN & MOSS, LTD.
120 W. Madison Street, 10th Floor
Chicago, IL 60602
(312) 578-9428
ahill@consumerlawcenter.com
Attorney for Plaintiff

**<u>DEMAND FOR JURY TRIAL</u>**

PLEASE TAKE NOTICE that Plaintiff, MARY RUFFINO, demands a jury trial in this case.

3

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF ILLINOIS)

COUNTY OF MCHENRY)

Plaintiff, MARY RUFFINO, states the following:

1.  I am the Plaintiff in this civil proceeding.

2.  I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3.  I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.

4.  I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5.  I have filed this Complaint in good faith and solely for the purposes set forth in it.

Pursuant to 28 U.S.C. § 1746(2), I, MARY RUFFINO, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

4-6-11
Date

Mary Ruffino
MARY RUFFINO

4